UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-517-RJC-DCK

| | |
|---|---|
| ILONKA AYLWARD and VALENTINA KRASNOVA, ) ) ) | |
| Plaintiff, ) ) | **ORDER** |
| v. ) ) | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, ) ) ) | |
| Defendant. ) ) | |

**THIS MATTER** is before the Court upon the cancellation of the bench trial in this matter, scheduled for March 15, 2011. In accordance with the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned revises the Pretrial Order and Case Management Plan as described below.

At the final pretrial conference on Monday, March 7th, this Court instructed the parties to submit the deposition transcripts it wished to introduce at trial by Friday, March 11th. The undersigned also gave detailed instructions on the procedure for exchanging deposition testimony and objecting to it, supplemented by written instructions, a sample, and an invitation to contact court staff with any questions or issues. Neither party complied with the Court's Order. Then on Monday, March 14th, one day before trial, the plaintiff attempted to designate deposition testimony to be used at trial. Defendant did not make specific objections to any portions of the testimony, as it was instructed to do by the Court, but simply objected to all of it on timeliness grounds and instructed the Court to "enforce the deadline it announced."

Plaintiff's failure to comply with the deadline not only inconvenienced the opposing

party, but it also deprived this Court of sufficient time to meaningfully review the selected deposition testimony. Defendant's unilateral decision not to comply with the Court's directive to note objections to the selected deposition testimony made a difficult situation worse. Counsel simply have not lived up to their responsibilities as officers of the court.

In order to proceed to trial, both parties will be given until **Wednesday, May 18th** to select relevant deposition testimony and provide a copy to opposing counsel. Each side will be given until **Wednesday, May 25th** to make specific objections and/or additions for completeness purposes to the proposed deposition testimony and should comply with the instructions already provided by this Court. In addition, both parties must file with the clerk's office 1) a witness list; 2) a statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness; 3) stipulations concerning the authenticity of as many proposed exhibits as possible; and 4) an exhibit list by **Friday, May 27th**. Although these items are typically filed on the first day of trial, this accelerated time line is designed to prevent any more breakdowns in the trial process. Once the parties have complied with this Order, the Court will set a trial date.

Signed: May 12, 2011

Robert J. Conrad, Jr.
Chief United States District Judge